NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHO LEE LIN, | : | Civil No.: 10-5502 (DMC) |
| Petitioner, | : | |
| v. | : | O P I N I O N |
| GREG BARTKOWSKI, et al., | : | |
| Respondents. | : | |

APPEARANCES:

    CHO LEE LIN, Petitioner Pro Se
    SBI #898775B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    VERED ADONI, ESQ.
    BERGEN COUNTY PROSECUTOR'S OFFICE
    10 Main Street
    Hackensack, New Jersey 07601

**CAVANAUGH,** District Judge

On or about October 22, 2010, Petitioner, Cho Lee Lin, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On or about March 22, 2011, Petitioner submitted an application for appointment of counsel with a partial application for indigent status, including an account certification form and prison trust account statement. (Docket entry no. 4). This motion for appointment of counsel is being decided pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, Petitioner

request for assignment as counsel is denied without prejudice. Petitioner's application to proceed IFP will be granted.

## I. DISCUSSION

A. <u>Motion for Assignment of Counsel</u>

In the Declaration of Jeffrey Zhu, an inmate paralegal at New Jersey State Prison, which was submitted by Petitioner with his motion for appointment of counsel, Petitioner's request for counsel is based on Petitioner's alleged limited proficiency in the English language. (Zhu Declaration at ¶ 5). Mr. Zhu states that Petitioner is of Chinese ancestry. Mr. Zhu further states that he is fluent in both English and Chinese and has provided paralegal assistance to Petitioner during the last ten years. He prepared Petitioner's habeas petition and the pending motion for appointment of counsel. (Zhu Decl., ¶¶ 6,7). Mr. Zhu claims that he can no longer assist Petitioner in this habeas proceeding, namely as a translator, and consequently, asks that Petitioner be provided with counsel to assist Petitioner in the habeas matter. (Zhu Decl., ¶¶ 8-11).

The Court observes that the habeas petition has been answered by the State on July 18, 2011 (Docket entry no. 12), and that Petitioner filed a reply/traverse on August 2, 2011 (Docket entry no. 13).

B. <u>Analysis</u>

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. <u>See</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263 (3d Cir. 1991), <u>cert</u>. <u>denied</u>, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1] In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. <u>See</u> <u>Biggins v. Snyder</u>, Civ. No. 99-188, 2001 WL 125337, at * 3 (D.Del. Feb. 8, 2001)(citing <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted). Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

3

Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. See Biggins, 2001 WL 125337, at *3 (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Biggins, 2001 WL 125337, at *3 (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, Civ. No. 91-3258, 1992 WL 184358, at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(I) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

Here, the Court must first determine if Petitioner states non-frivolous, meritorious claims. In his petition, Petitioner assert seven claims in an extensive pleading apparently drafted by Zhu, which includes a nine-part claim of ineffective assistance of counsel. (See Petition, Section 12, Docket entry no. 1). From the face of the petition, these claims do not appear to be frivolous, and may or may not have merit. See

4

Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed under 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and Petitioner. This case seems to be fairly "straightforward and capable of resolution on the record." See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir.1990)). Petitioner's claims are not complex and are capable of resolution on the record. Indeed, this Court's review of the petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d).

A review of this case reveals that neither the legal issues which Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney. The overall allegations of the petition do not appear to be either factually or legally complicated. Petitioner's claim also can be resolved by a review of the record in this matter. Finally, Petitioner may prove his allegations, and, to

5

date, Petitioner's claims have been presented thoroughly and extensively in a clear, concise and articulate manner.

Indeed, after the State responded to the petition and provided the relevant record, Petitioner was able to file a thorough, comprehensive and articulate thirty-page traverse together with exhibits in reply to the State's answer. Consequently, there are no imminent deadlines which necessitate further legal support or pleadings by Petitioner in support of his habeas petition.

In sum, Petitioner has failed to demonstrate that special circumstances warrant the appointment of pro bono counsel in this action. Therefore, the Court will deny Petitioner's application to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court at this time.

However, it does appear that, based on Petitioner's Declaration of Indigency, filed within this motion, Petitioner may proceed <u>in forma pauperis</u>.

## CONCLUSION

Therefore, for the reasons set forth above, Petitioner's motion for appointment of counsel will be denied at this time. The application to proceed *in forma pauperis* is granted. An appropriate Order accompanies this Opinion.

DENNIS M. CAVANAUGH
United States District Judge

Dated: Jan 4, 2012